Ms. Nora Harris 6722 Sandpiper Drive Little Rock, Arkansas 72205
Dear Ms. Harris:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AN AMENDMENT TO ELIMINATE THE REAL ESTATE AND PERSONAL PROPERTY TAX AND TO INCREASE THE STATE SALES TAX 2-1/2%.
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO CEASE THE IMPLEMENTATION AND COLLECTION OF THE USE TAX, OWNER'S TAX OR ANY OTHER SIMILAR TAX ON REAL ESTATE OR PERSONAL PROPERTY; LEVYING A 2-1/2% STATE RETAIL SALES TAX UPON ALL TAXABLE SALES AND SERVICES SUBJECT TO THE TAX LEVIED BY THE ARKANSAS GROSS RECEIPTS ACT; PROVIDING THAT THE REVENUE BE DEDICATED AND DISTRIBUTED PRO RATA TO THOSE ENTITIES CURRENTLY RECEIVING FUNDS FROM THE REAL ESTATE AND PERSONAL PROPERTY TAX; PROVIDING THAT NO NEW TAXES SHALL BE LEVIED ON REAL ESTATE OR PERSONAL PROPERTY; REPEALING ALL CONSTITUTIONAL PROVISIONS AND LAWS IN CONFLICT; AND, PROVIDING THAT THE AMENDMENT SHALL BE EFFECTIVE JANUARY 1, 1999.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all statewide proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in the voting booth when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately summarize the proposed amendment:
 (Popular Name) AN AMENDMENT TO ELIMINATE REAL ESTATE AND PERSONAL PROPERTY TAXES AND TO INCREASE THE STATE SALES TAX 2-1/2%.
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT THE STATE OF ARKANSAS AND ITS POLITICAL SUBDIVISIONS SHALL CEASE THE IMPLEMENTATION AND COLLECTION OF THE USE TAX, OWNER'S TAX, OR ANY OTHER SIMILAR TAX ON REAL ESTATE OR PERSONAL PROPERTY; LEVYING A 2-1/2% STATE RETAIL SALES TAX UPON ALL TAXABLE SALES AND SERVICES SUBJECT TO THE TAX LEVIED BY THE ARKANSAS GROSS RECEIPTS ACT; PROVIDING THAT THE REVENUE GENERATED BY THIS RETAIL SALES TAX SHALL BE DEDICATED AND DISTRIBUTED PRO RATA TO THOSE ENTITIES CURRENTLY RECEIVING FUNDS FROM THE REAL ESTATE AND PERSONAL PROPERTY TAX; PROVIDING THAT NO NEW FORM OF TAX SHALL BE IMPOSED OR LEVIED ON REAL ESTATE OR PERSONAL PROPERTY; REPEALING ALL CONSTITUTIONAL PROVISIONS AND LAWS THAT CONFLICT WITH THE AMENDMENT; RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; AND, DECLARING THE AMENDMENT SELF EXECUTING AND EFFECTIVE JANUARY 1, 1999.
Again, my role is to certify a ballot title that accurately and impartially summarizes the provisions of your proposed amendment. I have no authority or responsibility to determine whether the proposed amendment will accomplish the sponsor's objectives if it is adopted, nor can I make any legal determinations concerning the merits of the proposed amendment. While I am therefore offering no opinion with respect to the operation of the amendment if it is adopted, I must note that the meanings of some terms used in the proposed amendment, such as "use tax" and "owner's tax," are, I believe, unclear or susceptible to more than one interpretation. Thus, while it is my opinion that the approved ballot title accurately summarizes the proposed amendment, the sponsor may wish to give further consideration to the language of the proposal in light of the possible ambiguity.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh